# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD HOLLIHAN, JR., | Civil Action No. 13 - 339 |
| Petitioner, | |
| | District Judge Arthur J. Schwab |
| v. | Chief Magistrate Judge Lisa Pupo Lenihan |
| GERALD ROZUM and STEPHEN A. ZAPPALA, JR., | |
| Respondents. | |

## REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

For the following reasons, it is respectfully recommended that the petition for writ of habeas corpus (ECF No. 1) be dismissed for lack of subject matter jurisdiction and that a certificate of appealability be denied.

**II.   REPORT**

Richard Hollihan, Jr. ("Petitioner") is a state prisoner currently incarcerated at the State Correctional Institution at Somerset. He initiated this action on March 7, 2013, seeking habeas relief pursuant to 28 U.S.C. § 2241. A brief recitation of some background information is necessary.

**A. Background**

On May 8, 2002, Petitioner filed a petition for writ of habeas corpus in this Court wherein he sought to challenge his conviction of first degree murder and sentence of life imprisonment

1

imposed by the Court of Common Pleas of Allegheny County on February 4, 1986.[1] Hollihan v. Sobina, No. 02-868 (W.D. Pa.)  In a Report and Recommendation filed on October 6, 2003, it was recommended that the 2002 petition be denied due to it being time barred.  The District Court adopted the Report and Recommendation, and, ultimately, the Court of Appeals denied a certificate of appealability.

On May 8, 2007, Petitioner filed another petition for writ of habeas corpus in this Court, wherein he attacked the same conviction.  Hollihan v. Rozum, No. 07-102 (W.D. Pa.)  On June 8, 2007, United States District Judge Arthur J. Schwab entered an Order dismissing the petition because the Court lacked subject matter jurisdiction over the successive petition.  On December 23, 2009, the Court of Appeals denied Petitioner's application to file a successive petition under 28 U.S.C. § 2244.

On February 22, 2010, Petitioner filed a petition for an extraordinary writ of habeas corpus in the United States Supreme Court under the All Writs Act, 28 U.S.C. § 1654(a).  *See* Hollihan v. Commonwealth of Pennsylvania, No. 11-810 (W.D. Pa.) (ECF No. 12.)  On March 16, 2010, the Supreme Court returned his petition for, *inter alia*, failing to show what exceptional circumstances warranted exercise of the Court's discretionary powers and why adequate relief could not be obtained from any other court.  On April 20, 2010, the Supreme Court further notified Petitioner that his papers were being returned because the denial by a court of appeals to file a second or successive petition for writ of habeas corpus may not be reviewed

---

[1] This was the fourth habeas petition that Petitioner had filed in this Court.  Petitioner filed his first petition for writ of habeas corpus in 1988, which was docketed at Civil Action No. 88-2195.  On March 22, 1989, the petition was dismissed without prejudice for failure to exhaust state court remedies.  In 1991, Petitioner filed a second petition for writ of habeas corpus in this Court, which was docked at Civil Action No. 91-1680.  On April 6, 1992, the petition was dismissed without prejudice for failure to exhaust state court remedies.  On March 8, 1996, Petitioner filed a third petition for writ of habeas corpus in this Court, which was docketed at Civil Action No. 96-556.  On July 19, 1996, the petition was dismissed without prejudice for failure to exhaust available state court remedies.

on *certioriari*. Petitioner filed another petition for writ of habeas corpus in the United States Supreme Court on May 25, 2010. In Re Richard Hollihan, Jr., No. 09-11024 (U.S.). On June 21, 2010, the Supreme Court denied the petition.

On June 17, 2011, Petitioner filed a motion for relief from judgment or order in this Court wherein he sought relief pursuant to Federal Rule of Civil Procedure 60(b). Hollihan v. Commonwealth of Pennsylvania, No. 11-810 (W.D. Pa.) On September 22, 2011, the undersigned issued a Report and Recommendation recommending that the action be dismissed for lack of subject matter jurisdiction. The Report and Recommendation was subsequently adopted by the Court, and the Court of Appeals recently denied Petitioner's request for a certificate of appealability.

**B. Discussion**

Petitioner has been seeking relief from his criminal conviction for over twenty-five years. In his latest petition, he attempts to evade the restriction on filing a second or successive habeas petition by conclusively arguing that he is not in custody pursuant to a judgment of a state court and labeling his petition as one filed pursuant to 28 U.S.C. § 2241. No matter what label Petitioner has placed on his petition, this Court must construe it as being filed pursuant to 28 U.S.C. § 2254 because, despite his wholly unfounded contention, he is in custody pursuant to a judgment of a state court.

> The vast majority of courts have concluded that, although the texts of § 2241 and § 2254 appear similar in their grant of jurisdiction, § 2254 is the exclusive avenue for a state prisoner challenging the constitutionality of his detention. Section 2254 is properly understood as in effect implementing the general grant of habeas corpus authority found in § 2241, even if the petitioner is not challenging the underlying state court conviction (e.g., challenges to parole determinations), so long as the person is in custody pursuant to the *judgment* of a state court . . . . If, however, the petitioner is in custody pursuant to something *other than a judgment* of a state court (e.g., pre-trial detention, pre-trial bond order, awaiting extradition,

3

> or other forms of custody that are possible without a conviction), he may proceed under 28 U.S.C. § 2241.

Brian R. Means, FEDERAL HABEAS MANUAL § 1:34 (July 2011) (emphasis in original), citing, *inter alia*, <u>Coady v. Vaughn</u>, 251 F.3d 480, 484-85 (3d Cir. 2001) ("It is a well-established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one. . . . In the instant action, both Sections 2241 and 2254 authorize Coady's challenge to the legality of his continued state custody. . . applying the 'specific governs the general' canon of statutory construction to this action, we hold that Coady must rely on Section 2254 in challenging the execution of his sentence.'""); <u>Felker v. Turpin</u>, 518 U.S. 651 (1996) ("Our authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which relief may be granted to 'a person in custody pursuant to the judgment of a State court.'").

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, § 101 (1996) ("AEDPA"), which amended the standards for obtaining federal habeas relief, was effective April 24, 1996. Because the instant petition was filed after this date, the AEDPA is applicable to this case. <u>Werts v. Vaughn</u>, 228 F.3d 178, 195 (3d Cir. 2000), *cert. denied*, 532 U.S. 980 (2001). In the AEDPA, Congress enacted strictures on the filing of second or successive habeas petitions in response to the abuse of the habeas writ by prisoners. *See* <u>Chambers v. United States</u>, 106 F.3d 472, 475 (2d Cir. 1997) ("The purpose of the gatekeeping restrictions was to prevent abuse of the habeas writ.") Congress provided that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The allocation of gatekeeping responsibilities to the

Court of Appeals provided by Section 2244(b)(3)(A) has essentially divested the District Courts of subject matter jurisdiction over habeas petitions that are second or successive within the meaning of that subsection. *See*, *e.g.*, Robinson v. Johnson, 313 F.3d 128, 140 (3d Cir. 2002) ("From the district court's perspective, [Section 2244(b)(3)(A)'s gatekeeping assignment to the Courts of Appeals] is an allocation of subject-matter jurisdiction to the court of appeals."), *cert. denied*, 540 U.S. 826 (2003).

In the instant petition, Petitioner is challenging the same 1986 conviction which he challenged in 2002 in Hollihan v. Sobina, No. 02-868 (W.D. Pa.). In a Report and Recommendation filed on October 6, 2003, it was recommended that the 2002 petition be denied as time barred. The Court adopted the Report and Recommendation and the Court of Appeals denied a certificate of appealability. A dismissal of a habeas petition based upon it being time barred constitutes a disposition "on the merits" and renders a subsequent petition that raises issues which could have been raised in the first petition "second or successive" and subject to Section 2244(b)(3)(A)'s gatekeeping provisions. Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005) (holding an earlier petition dismissed on the basis of AEDPA's statute of limitations barred a second petition because the second petition was section or successive pursuant to the AEDPA); Mack v. Shannon, No. 04-3814, 2005 WL 182724 (E.D. Pa. Jan. 26, 2005) (same).

A review of the computerized dockets of the Third Circuit Court of Appeals reveals that Petitioner has not received permission to file a second or successive petition challenging his 1986 conviction. Therefore, the instant habeas petition must be dismissed for lack of subject matter jurisdiction.

A certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right or shown that jurists of reason would

disagree that this is a second or successive habeas petition. *See*, *e.g.*, Slack v. McDaniel, 529 U.S. 473 (2000) (explaining standard for grant of a certificate of appealability where court does not address petition on the merits but on some procedural ground); Walker v. Government of the Virgin Islands, 230 F.3d 82, 89-90 (3d Cir. 2000).

### III.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for writ of habeas corpus (ECF No. 1) be dismissed for lack of subject matter jurisdiction and that a certificate of appealability be denied.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule of Court 72.D.2, the parties are allowed fourteen (14) days from the date of service to file objections to this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: March 12, 2013.

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Richard Hollihan, Jr.
AJ-0676
SCI Somerset
1600 Walters Mill Road
Somerset, PA  15510-0002
(Via U.S. Postal Mail)